UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MALIQUE MARTIN,<br>    *Defendant*. | No. 3:19-cr-00260 (JAM) |

**ORDER GRANTING MOTION FOR SENTENCE REDUCTION**

Malique Martin is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the ongoing coronavirus pandemic ("COVID-19"), he moves under 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his sentence to time served and to commence supervised release. I will grant the motion, and the Bureau of Prisons is ORDERED to release Mr. Martin from custody on **January 11, 2021** so that he may begin his 2-year term of supervised release including an initial 3-month period of home detention.

### BACKGROUND

On June 16, 2020, I sentenced Martin principally to 12 months and one day of imprisonment for dealing in firearms without a license and possession of a firearm with an obliterated serial number. Doc. #63. Martin has served approximately half of his sentence and is scheduled to be released in May 2021 and with a home eligibility date in April 2021.

Martin is 24 years old. Doc. #58 at 3. He suffers chronic pain in his right hand, and this pain stems from injuries, surgeries, and an infection that occurred over a two-year period. Doc. #66-1 at 16. In 2017, Martin underwent surgery to remove a ganglion cyst in his right hand. *Id.* at 4. In March 2019, he tore ligaments and suffered bone separation in his right hand. *Ibid.* While

1

hospitalized for hand surgery in early June 2019, Martin was infected with Methicillin-resistant staphylococcus aureaus (MRSA). *Ibid.*

Less than a month after undergoing surgery to repair his right hand, Martin underwent emergency surgery to address the MRSA infection. *Ibid.* As a result of the hand injuries, numerous surgeries, and the MRSA infection, Martin has greatly impaired mobility and constant pain in his right hand. *Ibid.* Although his latest bloodwork from January 2020 revealed no current infection, his doctor warned him that the infection is likely dormant in his bone and advised him that yet another surgery to remove two bones in his hand is needed to terminate the pain. *Ibid.* Martin seeks release because he is unable to receive the surgery he needs while in BOP custody, and the restrictions of COVID-19 generally impede effective treatment. *Id.* at 16-17.

Martin is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). This facility currently reports 11 active inmate COVID-19 cases and 13 active staff cases.[1]

After exhausting administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A), Martin filed a motion for sentence reduction with this Court. Doc. #66. The Government does not oppose the motion but recommends that, if the Court grants his release, it should be in accordance with a release plan approved by the U.S. Probation Office and with a period of home detention. Doc. #69 at 2.

## DISCUSSION

Federal law—18 U.S.C. § 3582(c)(1)(A)(i)—allows a court to grant a prisoner's motion for sentence reduction if there are "extraordinary and compelling reasons" to do so. *See*

---

[1] *See* Federal Bureau of Prisons, COVID-19 Cases, available at https://www.bop.gov/coronavirus [https://perma.cc/DM2V-MR64] (last accessed January 8, 2021).

2

*generally United States v. Brooker*, 976 F.3d 228, 231-34 (2d Cir. 2020) As relevant here, the statute directs courts to consider the following issues before granting any motion for sentence reduction. First, a court must consider whether the prisoner has satisfied the statute's mandatory exhaustion requirement. Second, a court must consider whether there are extraordinary and compelling reasons that might warrant a sentence reduction, such as a grave threat to a prisoner's health if he remains imprisoned. Third, notwithstanding any such extraordinary and compelling reasons, a court must consider whether in its discretion a sentence reduction is warranted in light of the purposes of sentencing under 18 U.S.C. § 3553.

Martin has established that his need for hand surgery and lack of access to adequate medical treatment in BOP custody constitute extraordinary and compelling reasons for a sentence reduction. *See United States v. Almontes*, 2020 WL 1812713, at * 6-7 (D. Conn. 2020) (granting early release because the defendant needed surgery). Although the MRSA infection is dormant and the pain is not life threatening, Martin experiences significant pain and limited mobility in his hand. Doc. #66-1 at 18. A doctor has advised surgery. Martin has received "no meaningful pain mitigation" while in BOP custody and will not be able to have the needed hand surgery as long as he remains incarcerated. *Id.* at 2. Moreover, Martin has been subject to exceptionally severe conditions of confinement without meaningful programming because of the continued threat of COVID-19. The COVID-19 restrictions significantly impede BOP's ability to properly care for Martin's unusual medical condition and his MRSA infection.

I have also considered all of the sentencing factors under 18 U.S.C. § 3553. Martin pleaded guilty to dealing in firearms without a license and possession of a firearm with an obliterated serial number. He has no other arrests or criminal convictions, and he has no history of violence. He has not received any disciplinary tickets while imprisoned.

His offense came at a particularly low point in his life, shortly after his parents divorced, after he lost a job caring for autistic and disabled seniors, after he had multiple surgeries, after he contracted a serious infection, and after he developed an opioid addiction to treat his chronic hand pain. Although the events in Martin's life do not excuse his criminal conduct, he has served half of his sentence and is a non-violent offender without a criminal history. At sentencing, multiple family members spoke on behalf of Martin and expressed a desire to support him during and after incarceration.

Martin proposes that he be released to the home of his father, where he resided during the pendency of his case. The U.S. Probation Office has reviewed, verified, and approved Martin's reentry plan. Once he is released from prison, Martin will be able to access the medical care he needs and, with the help and support of his family and his probation officer, participate in programming and treatment. In light of the very few months remaining in Martin's prison term, I conclude that the purposes of sentencing—including just punishment, deterrence, protection of the public, and rehabilitation—will be served if Martin is released at this time and begins his two-year period of supervised release.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion of defendant Malique Martin for a sentence reduction. Doc. #66. The Bureau of Prisons shall release Martin from custody **on January 11, 2021** not later than 12:00pm. Martin will then begin his 2-year term of supervised release. In addition to those supervised release conditions previously imposed by the Court, Martin shall abide by the reentry plan approved by the U.S. Probation Office and shall be on home detention for the first three months of his supervised release. He shall quarantine in his home for the first 14 days of his release subject to exception only to obtain a COVID-19 test and

which period of quarantine shall terminate in the event of a negative COVID-19 test. During the 3-month period of home detention, Martin shall be subject to a form of electronic monitoring of a type to be selected by the U.S. Probation Office and he shall not leave the physical property of his home for any purpose other than to obtain a COVID-19 test, to obtain medical treatment, for religious services, to seek or engage in wage-paying employment, or to engage in any rehabilitation program. Absent a life-threatening emergency, any departure from the home for any of these purposes during this 3-month period shall be pre-approved in writing by his probation officer.

It is so ordered.

Dated at New Haven this 8th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge